UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON,<br><br>    Petitioner,<br><br>    v.<br><br>SAN BERNARDINO COUNTY SHERIFF DEPARTMENT,<br><br>    Respondent. | Case No. 5:23-cv-02539-JAK-KES<br><br>ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |

**A. Introduction.**

Rule 4 of the Rules Governing § 2254 Cases requires a district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Under this Rule and for the reasons stated in this Order, the instant § 2254 petition in this action is dismissed without prejudice due to lack of jurisdiction.

**B. Procedural History.**

In June 2023, Petitioner Broque Anthony Anderson ("Petitioner") filed a

1

Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in case no. 5:23-cv-01173-JAK-KES ("Anderson I").  Anderson I challenged Petitioner's March 2022 convictions in San Bernardino County Superior Court ("SBSC") case no. FWV21003849 for violating California Penal Code section 459 (burglary).  Petitioner was convicted of burglarizing PBK Architectural Firm and Sola Salon (the "Challenged Convictions").  See https://www.courts.ca.gov/opinions/nonpub/E079027.PDF (California Court of Appeal's opinion on direct appeal in appellate case no. E079027).

In September 2023, Respondent San Bernardino County Sheriff's Department ("SBSD") answered the Anderson I petition.  Among other arguments, SBSD asserted that there was no jurisdiction under § 2254 because Petitioner was not "in custody" pursuant to the challenged burglary convictions when he filed Anderson I.  SBSD lodged records showing that Petitioner was released from its custody on March 20, 2023.  Anderson I, Dkt. 20-1.  On January 26, 2024, a judgment was entered that denied the Anderson I petition without prejudice due to lack of jurisdiction.  Id., Dkt. 24.

Independently, in October 2023, Petitioner filed a second § 2254 petition challenging the same convictions in SBSC case no. FWV21003849.  The second petition was assigned case no. 5:23-cv-02539-JAK-KES ("Anderson II").  It raises the same habeas claim as Anderson I, i.e., that there was insufficient evidence to convict Petitioner because his own testimony showed that he did not commit burglary.  On December 15, 2023, Anderson II was stayed pending the resolution of Anderson I.  Dkt. 3.

**C. The Court Lacks Jurisdiction.**

    **1.  Relevant Law.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") gives district courts jurisdiction to entertain § 2254 petitions challenging a state court judgment of conviction only for persons who are "in custody" under the

challenged conviction when they file the petition. 28 U.S.C. § 2254(a); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed.").

A petitioner may be "in custody" because he is still incarcerated serving his sentence. A petitioner is also "in custody" for the purposes of habeas jurisdiction "while he remains on probation." <u>Chaker v. Crogan</u>, 428 F.3d 1215, 1219 (9th Cir. 2005). The petitioner, however, must be in custody "for purposes of the conviction he is challenging"; if he is in custody pursuant to a different conviction or arrest, then his custody would not support habeas jurisdiction to challenge his earlier convictions. See <u>Woodall v. Beauchamp</u>, 450 F. App'x 655, 657 (9th Cir. 2011). Any petition filed in the federal court must allege facts establishing subject matter jurisdiction. 28 U.S.C. § 2242 (petitioner shall allege facts about petitioner's commitment or detention, the name of the person having custody over him and by virtue of what claim or authority, if known).

### 2. Analysis.

Petitioner was released from SBSD's custody in March 2023. He did not file the <u>Anderson II</u> petition until October 2023. Dkt. 1. Nothing in the Petition states that at that time, Petitioner was still on probation or otherwise subject to any restraint of his liberty due to the Challenged Convictions. <u>Id.</u> Although Petitioner had months during the pendency of <u>Anderson I</u> to explain if and why he was in custody under the Challenged Convictions after March 2023, he failed to do so. Petitioner, therefore, has failed to carry his burden of establishing federal jurisdiction. Consequently, as in <u>Anderson I</u>, the <u>Anderson II</u> petition must be dismissed for lack of jurisdiction.

### D. **Plaintiff Has Not Complied with Local Rule 41-6.**

"A party proceeding <u>pro se</u> must keep the Court and all other parties informed of the party's current address …." Local Rule 41-6. "If a Court order or

other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute." Id.

The order staying Anderson II was served by the Clerk, by mail on December 15, 2023.  (Dkt. 3.)  The mail was returned as undeliverable on December 29, 2023.  (Dkt. 4.)  More than 14 days have passed since December 15, 2023, but Petitioner has not filed a notice of change of address.  Thus, Local Rule 41-6 provides an independent and sufficient reason for dismissing Anderson II without prejudice.

For the reasons stated in this Order, Anderson II is **DISMISSED** without prejudice.

DATED:  January 31, 2024

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE